UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

ISTVAN DIOSSY,
a/k/a STEVE DIOSSY,

    Plaintiff,

v.

DEADFISH, INC., and
NOEL GARCIA,

    Defendants.
_____/

## COMPLAINT AND JURY DEMAND
**(Injunctive Relief Sought)**

Plaintiff, Istvan Diossy ("Diossy"), sues Defendants, Deadfish, Inc. ("Deadfish") and Noel Garcia ("Garcia") and alleges as follows:

## NATURE OF THE CASE

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.* Defendants have willfully copied and profited from selling counterfeit versions of Diossy's original work of art, without permission or license from Diossy.

## PARTIES

2. Diossy is a Florida resident, who lives and works in his studio in Indian River County, Florida.

3. Deadfish is a Florida corporation with its principal place of business in Miami Dade County, Florida.

4. Garcia has an ownership interest in and is the managing member of Deadfish. Garcia directed and participated in the Defendants' infringement, as described below.

## JURISDICTION AND VENUE

5. This Court has subject matter over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action under the Copyright Act.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants conduct business and reside in this District and infringement occurred in this District.

7. The Court has personal jurisdiction over each Defendant because each Defendant is a citizen of Florida. Deadfish is a Florida corporation with its principal place of business in Florida. Garcia is the registered agent of Deadfish, has a permanent residence in Florida, is domiciled in Florida, and has every intent to remain a Florida resident. Defendants have sufficient minimum contacts with this state, including their regular attendance at Florida trade shows, to meet the minimal jurisdictional requirements under the laws of Florida and the United States Constitution.

## GENERAL ALLEGATIONS

8. Diossy is an acclaimed marine artist and designer. Diossy has created numerous notable designs and original works of art, including the "Protect Wild Dolphins" Florida license plate commissioned by Harbor Branch Oceanographic Institute at Florida Atlantic University, which has raised over $20 million for marine mammal conservation. In addition to being named the Official Artist of the Palm Beach International Boat Show every year since 2018, Diossy has collaborated with several high-profile companies such as Tito's Handmade Vodka, Ron Jon Surf Shop, and Unique Rabbit Studios. Diossy sells his marine-

themed artwork and designs at various art shows, trade shows, and through his website, stevediossy.com.

9. Diossy also advertises and sells artistic, marine-themed apparel through his website, stevediossy.com.

10. Diossy is the sole author of the following original work:



("Mad Mahi").

11. Diossy registered Mad Mahi with the United States Copyright Office and obtained Registration number VA0002165401.

12. Defendants had access to Mad Mahi. Like Diossy, Deadfish sells marine-themed apparel, both on the internet and at trade shows. Diossy and Defendants have attended many of the same trade shows during which Diossy displayed Mad Mahi.

13. With full knowledge that they had no rights in Mad Mahi, and with a willful intent to deprive Diossy from profiting from Mad Mahi, Defendants copied and reproduced Mad Mahi onto products for sale to consumers, including the following:



(collectively, the "Infringing Product").

14.     Defendants have advertised, promoted, and sold the Infringing Product on their website, deadfish.com (the "Website"), and on their social media accounts, including Facebook and Instagram.

15.     Deadfish's advertisements on the Website and social media use Diossy's advertising ideas and infringe on the Original Work.

16.     Deadfish has infringed on Diossy's copyright in its advertisements, including the advertisements on the Website and social media and has used Diossy's advertising ideas.

17.     Defendants have publicly displayed Mad Mahi at Florida trade shows.

18.     In March 2023, Diossy learned for the first time that Deadfish was infringing on his copyright when he saw Defendants selling the Infringing Product at the Marathon Seafood Festival. Diossy placed Defendants on notice of the infringement.

19.     Afterwards, Deadfish scrubbed all displays of Mad Mahi from the Website. However, Deadfish continued to display and sell the Infringing Product on its social media accounts and at trade shows:



20. As recently as December 23, 2023, Deadfish displayed and promoted the Infringing Product on its Facebook page:





21. Deadfish's continued infringement is willful.

22. Garcia directed and participated in the infringement and is jointly and severally liable with Deadfish.

23. All conditions precedent to the bringing and maintenance of this lawsuit have been met, have occurred, or have been waived.

24. Diossy has had to retain the undersigned counsel and is required to pay them a reasonable fee for their services.

## COUNT I: COPYRIGHT INFRINGEMENT

25. Diossy realleges Paragraphs 1 through 24.

26. Deadfish has copied, reproduced, and publicly displayed Mad Mahi on the Infringing Product and at trade shows.

27. Deadfish knew that its use of Mad Mahi constituted direct copyright infringement. Thus, Deadfish has willfully infringed and continues to willfully infringe on Diossy's copyright in Mad Mahi.

28. Deadfish has profited from its infringement through sales of the Infringing Product and by using Mad Mahi to attract customers to the Website, social media channels, and to the Deadfish booth at trade shows.

29. As a direct and proximate cause of Deadfish's infringement, Diossy has suffered damages.

WHEREFORE, Plaintiff, Istvan Diossy, demands judgment against Defendant, Deadfish, Inc. and Noel Garcia that: (a) Defendant and its officers, agents, employees, affiliated entities, and all those in active concert with them, be permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501; (b) Defendant be required to pay Plaintiff its actual damages plus Defendant's profits attributable to Defendant's

infringement, or, at Plaintiff's election, statutory damages, including enhanced statutory damages for willful infringement pursuant to 17 U.S.C. § 504; (c) Defendant be required to account for all profits, income, receipts, and other benefits derived as a result of its infringing and unlawful conduct; (d) Plaintiff be awarded his costs and attorneys' fees pursuant to 17 U.S.C. § 505; (e) Plaintiff be awarded interest; and (f) Plaintiff be awarded such additional relief as the Court deems just and proper.

/s/ Brad F. Barrios
Brad F. Barrios – FBN 35293
LEAD COUNSEL
E-mail: bbarrios@tcb-law.com
David A. Hayes – FBN 96657
E-mail: dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 834-9191
Fax: (813) 443-2193
*Attorneys for Plaintiff*